Citation Nr: 1045626 
Decision Date: 12/06/10 Archive Date: 12/14/10

DOCKET NO. 04-41 705 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Buffalo, New 
York

THE ISSUE

Entitlement to an increased initial rating for posttraumatic 
stress disorder (PTSD) evaluated as 50 percent disabling prior to 
July 1, 2002, and as 70 percent disabling thereafter.

REPRESENTATION

Appellant represented by: The American Legion

ATTORNEY FOR THE BOARD

N. J. Nardone, Associate Counsel 

INTRODUCTION

The Veteran served on active duty from June 1963 to February 
1967.

This matter comes to the Board of Veterans' Appeals (Board) on 
appeal from an April 2003 rating decision of the Department of 
Veterans Affairs (VA) Regional Office (RO) that granted service 
connection for PTSD with an evaluation of 50 percent effective 
November 12, 1999. By rating decision dated in December 2009, 
the RO increased the evaluation in effect for PTSD to 70 percent 
effective July 1, 2002.

This appeal was previously before the Board and the Board 
remanded the claim in December 2007 and October 2009 for 
additional development. The case has been returned to the Board 
for further appellate consideration. 

In December 2002, the Veteran testified before a Decision Review 
Officer at the RO. A transcript of that hearing is of record.

The appeal is REMANDED to the RO via the Appeals Management 
Center (AMC), in Washington, DC. VA will notify the appellant if 
further action is required.

REMAND

Although further delay is regrettable, after a review of the 
record, the Board observes that further development is still 
required prior to adjudicating the Veteran's claim.

In the October 2009 remand, the Board noted that correspondence 
from the Veteran dated in August 2009 requested a personal 
hearing at the Buffalo RO. The Board directed the RO/AMC to 
clarify the type of hearing the Veteran was seeking and to 
schedule such hearing in accordance with the Veteran's request.

Pursuant to the Board's remand, documents contained in a 
temporary file were associated with the claims file, apparently 
after a February 2010 AMC letter to the Veteran requesting 
clarification. However, included in the temporary file was 
correspondence from the Veteran dated in October 2009 sending a 
copy of his July 2009 VA Form 9 requesting a Travel Board hearing 
at the local RO. He referenced the Board's remand and his claim 
for an increased rating for PTSD. Thus, it appears the Veteran 
has requested a Travel Board hearing, and such has not been 
scheduled. Such hearings are scheduled by the RO. See 38 C.F.R. 
§§ 20.700, 20.704(a). 

Accordingly, the appeal must be remanded to schedule the Veteran 
for a Travel Board hearing as he requested.

Accordingly, the case is REMANDED for the following action:

Schedule the Veteran for a Travel Board 
hearing before a Veterans Law Judge at the 
local RO, in accordance with his request.

The appellant has the right to submit additional evidence and 
argument on the matter or matters the Board has remanded. 
Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law 
requires that all claims that are remanded by the Board of 
Veterans' Appeals or by the United States Court of Appeals for 
Veterans Claims for additional development or other appropriate 
action must be handled in an expeditious manner. See 38 U.S.C.A. 
§§ 5109B, 7112 (West Supp. 2009).

_________________________________________________
K. A. BANFIELD
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the 
Board of Veterans' Appeals is appealable to the United States 
Court of Appeals for Veterans Claims. This remand is in the 
nature of a preliminary order and does not constitute a decision 
of the Board on the merits of your appeal. 38 C.F.R. 
§ 20.1100(b) (2010).